

PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
OFFICE 503.224.5858
FAX 503.224.0155

**M. Christie Helmer**
chris.helmer@millernash.com
(503) 205-2464 direct line

August 29, 2013

**VIA ECF SYSTEM**

The Honorable Peter L. Shaw
Appellate Commissioner
United States Court of Appeals
James R. Browning Courthouse
95 Seventh Street
San Francisco, California 94103-1526

Subject:    *Institute of Cetacean Research, et al v. Sea Shepherd
            Conservation Soci, et al*
            Docket No. 12-35266
            D.C. No. 2:11-cv-02043-RAJ
            Date of Amended Opinion:  May 24, 2013
            Panel Members:  Kozinski; Tashima; M. Smith, CJJ

Dear Commissioner Shaw:

  This letter is written in response to the letter you received yesterday from Charles Moure (Dkt. No. 214-1), counsel for defendant-appellee Sea Shepherd Conservation Society ("SSCS"), on the issue of translation of the documents submitted for "in camera" review pursuant to this Court's order (Dkt. No. 211).

  Mr. Moure objects to the fact that the translator for the "in camera" documents, Kayo Ohmagari, is an employee of plaintiff-appellant the Institute for Cetacean Research ("ICR"). We submitted



PORTLAND, OREGON
SEATTLE, WASHINGTON
VANCOUVER, WASHINGTON
CENTRAL OREGON
WWW.MILLERNASH.COM

The Honorable Peter L. Shaw
August 29, 2013
Page 2

Ms. Ohmagari's translation of the subject documents because there was a very short time for submission of the translation and we had that translation in hand, because she swore to the accuracy of the translation in her submitted Declaration (furnished to counsel for SSCS), and because she had previously submitted translations to the Court in this case without objection.  We have no reason to think her translation inaccurate.

      On Tuesday of this week, Mr. Moure's partner Dan Harris advised that SSCS objected to use of Ms. Ohmagari as translator for the "in camera" documents.  We communicated with Mr. Harris about that and attempted to reach a compromise that would not require a complete second translation of the subject documents.  We were unable to do that.  We thus advised Mr. Harris mid-morning on Wednesday (yesterday) that, while we disagreed with his position and intended to ask for costs if a second translation proved unnecessary, we had contacted a qualified translator in Portland who expected to be able to provide a translation of the redacted portions of the subject documents by Friday.  We advised that we would promptly proceed with that translation and would advise Ed Schiffer that that was being done, which we did.  Much later that day, Mr. Harris objected that he did not have the name of the second translator.  We promptly provided that information (Ai Jantrania) as well as a copy of her resume, which is forwarded with this letter.  Considering our communications with Mr. Harris, we were surprised to receive Mr. Moure's letter.



The Honorable Peter L. Shaw
August 29, 2013
Page 3

 Except for the fact that a qualified translator is already well into the requested second translation, we have no objection to using Takako Owada of Seattle to translate the subject documents, as suggested by Mr. Moure in his letter.  We asked Ms. Jantrania because we thought of her first, knew her to be qualified, and she promptly responded to our inquiry that she could have the translation done by Friday.  If the Court requires a different translator, we will of course follow its direction.  However, we think there is no reason to switch translators at this point.  In order to keep this matter moving along, unless we receive different direction from the Court, we will continue with Ms. Jantrania and plan to submit her translation and Declaration to the Court no later than Friday.

 We ask that the Court not order the subject documents to be produced for attorneys' eyes only, as suggested by Mr. Moure (and can provide more detail as to the reasons, if necessary).  ICR legitimately fears for its safety if the redacted defense information were somehow to reach SSCS, which has shown itself to be the enemy of ICR.  ICR believes any relevance the information may have to SSCS's defense in this proceeding is, at best, marginal.  Mr. Moure has not identified any reason he needs to see the documents in an expedited manner, nor could he make any use of the documents given an attorneys' eyes only designation.  Thus, given that a second translation of the documents will be provided by Friday, there is no good reason to truncate the orderly process that is in place to determine the merits of plaintiffs' position.  Delaying the Court's determination for this short period does not prejudice SSCS but does protect plaintiffs.



The Honorable Peter L. Shaw
August 29, 2013
Page 4

    As previously stated, we do not believe another translation is warranted and reserve the right to seek costs if it appears it was not in fact necessary.

                    Very truly yours,

                      s/ Chris Helmer

                    M. Christie Helmer

Enclosure

cc via ECF system:    Mr. Daniel P. Harris, et al.
                           Mr. Timothy G. Leyh, et al.
                           Mr. David F. Taylor, et al.
                           Ms. Claire Loebs Davis, et al.
                           Ms. Kristina S. Bennard

PDXDOCS:2012559.1