Case No. 12-35266

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THE INSTITUTE OF CETACEAN
RESEARCH, a Japanese research
foundation; KYODO SENPAKU
KAISHA, LTD., a Japanese corporation;
TOMOYUKI OGAWA, an individual;
and TOSHIYUKI MIURA, an individual,

               Plaintiffs-Appellants,

    v.

SEA SHEPHERD CONSERVATION
SOCIETY, an Oregon nonprofit
corporation, and PAUL WATSON, an
individual,

               Defendants-Appellees.

---

SEA SHEPHERD CONSERVATION
SOCIETY, an Oregon nonprofit
corporation,

               Counterplaintiff,

    v.

THE INSTITUTE OF CETACEAN
RESEARCH, a Japanese research
foundation; KYODO SENPAKU
KAISHA, LTD., a Japanese corporation;
and HIROYUKI KOMURA, an
individual,

               Counterdefendants.

D.C. No. 2:11-cv-02043-RAJ
Western District of Washington,
Seattle

**Date of Amended Opinion:**
May 24, 2013

**Panel Members:**
Kozinski; Tashima; M. Smith, CJJ

**Appellate Commissioner:**
Peter L. Shaw

PLAINTIFFS-APPELLANTS'
MOTION FOR PERMISSION TO
FILE DOCUMENTS UNDER SEAL
REGARDING PLAINTIFFS-
APPELLANTS' MOTION TO
COMPEL PRODUCTION OF
INFORMATION WITHHELD ON
THE BASIS OF ATTORNEY-
CLIENT PRIVILEGE

## MOTION AND RELIEF SOUGHT

Pursuant to Circuit Rule 27-13(c), plaintiffs-appellants ("plaintiffs") move the Court for an order permitting the following documents, submitted simultaneously with this motion, to be filed under seal:

1.     Plaintiffs-Appellants' Motion to Compel Production of Information Withheld on the Basis of Attorney-Client Privilege (hereinafter, "Motion to Compel"); and

2.     Declaration of Elizabeth Tedesco Milesnick in Support of Plaintiffs-Appellants' Motion to Compel Production of Information Withheld on the Basis of Attorney-Client Privilege (hereinafter, "Milesnick Declaration").

This motion to seal is filed pursuant to the provisions of the attached Agreement and Stipulated Protective Order dated July 19, 2012, or July 24, 2012 (collectively, "Agreement").  The Agreement provides in paragraph 8 that a party seeking to file "Confidential Information" with the court shall seek to do so under seal.  The parties have designated certain records and deposition testimony referred to in the Motion to Compel and the Milesnick Declaration as "confidential" under the Agreement.

Plaintiffs note that the attached Agreement has not been reduced to an order of the district court below.  The district court's announced practice is not to enter such agreements as an order but rather to enforce them should that

become necessary or appropriate. *See* Judge Richard A. Jones Chamber Procedures, § I, Civil Case Management Procedures, Stipulated Protective Orders, *available at* http://www.wawd.uscourts.gov/judges/jones-procedures (last visited June 3, 2013) ("The court encourages such agreements, which often facilitate the exchange of documents and other information in discovery. Such agreements, however, are between the parties alone. . . . [T]he court will enforce the parties' agreement regarding confidentiality of documents as it would enforce any agreement between the parties. It will not, however, transform that agreement into an order of the court.").

Pursuant to Circuit Rule 27-13(c), plaintiffs, as the filing party, state that they believe this motion to seal, itself, should not be maintained under seal but should be made available to the public. Plaintiffs file this motion to seal because of the provisions of the Agreement.

DATED:  September 14, 2013     MILLER NASH LLP

JOHN F. NEUPERT, P.C.
Washington State Bar No. 39883
M. CHRISTIE HELMER
Washington State Bar No. 41171
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699
Telephone:  (503) 224-5858 or (206) 622-8484

*Attorneys for Plaintiffs-Appellants*

1
2
3
4
5
6
7

The Honorable Richard A. Jones

8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  THE INSTITUTE OF CETACEAN
    RESEARCH, a Japanese research
11  foundation; KYODO SENPAKU
    KAISHA, LTD., a Japanese corporation;
12  TOMOYUKI OGAWA, an individual; and
    TOSHIYUKI MIURA, an individual,
13
                    Plaintiffs,
14          v.
15  SEA SHEPHERD CONSERVATION
    SOCIETY, an Oregon nonprofit
16  corporation, and PAUL WATSON, an
    individual,
17
                    Defendants.
18  _____
19  SEA SHEPHERD CONSERVATION
    SOCIETY, an Oregon nonprofit
20  corporation,
21                  Counterplaintiff,
            v.
22
    THE INSTITUTE OF CETACEAN
23  RESEARCH, a Japanese research
    foundation; KYODO SENPAKU
24  KAISHA, LTD., a Japanese corporation;
    and HIROYUKI KOMURA, an individual,
25
                    Counterdefendants.
26

No. C11-2043 RAJ

AGREEMENT AND STIPULATED
PROTECTIVE ORDER

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 1
(C11-2043 RAJ)

WHEREAS, in this matter, the parties have sought, and will continue to seek, documents and other discovery from each other and from third parties;

WHEREAS, the Court has published on its web page statements encouraging the parties to enter into agreements protecting confidential information but further stating that the Court will not enter such agreements as an order of the Court but will enforce such agreements;

WHEREAS, the parties agree that the Court may enforce this agreement as though it were entered as a protective order by the Court; and

WHEREAS, the parties have agreed to protect the confidentiality of documents and discovery produced by the parties and third parties as set forth below in reliance on the Court's willingness to enforce the parties' agreement;

THEREFORE, effective as of the date set forth below the parties agree as follows:

1.      The parties and their counsel (each a "Party" and, collectively, the "Parties") hereby agree that (a) good cause exists to enforce this agreement by way of an Order, should enforcement become necessary; (b) specific prejudice or harm will result to the Parties or third parties if this agreement is not enforced by the Court; and (c) the requirements necessary to enforce this agreement by the Court, should enforcement become necessary, have been met and are specified herein.

2.      All documents, testimony, and other materials produced in this case by a Party or by a non-party subject to discovery will be used only for purposes of this case and any appeal and for no other purpose.

3.      As used herein, "Confidential Information" means any documents, things, testimony, or other disclosures by any Party to another Party (or disclosed by a third party to a Party through discovery issued in this action) that is considered to be confidential or to embody confidential, proprietary, or trade secret information, including but not limited to: (a) confidential business information; (b) internal business reports and communications;

(c) employee records and files; (d) financial information and business data; (e) internal plans and proposals; (f) personal financial information; (g) personal information; and (h) information that may be subject to claims of media privileges. In this case, the "good cause" for keeping these documents confidential includes: (a) maintaining the secrecy of each Party's confidential information; (b) maintaining the confidentiality of personal and financial information and records; and (c) respecting claims of media privilege. Each Party (or non-party) would suffer specific prejudice or harm if this information were made public.

4.       The Parties, and third parties subpoenaed by one of the Parties, may designate as Confidential Information any documents, testimony, or other materials produced in this case if they contain information that the producing party has a good-faith basis for asserting is confidential under applicable legal standards. All documents, things, or testimony designated Confidential Information pursuant to this agreement will have "Confidential" stamped or printed thereon. In order to designate a portion of a deposition transcript as Confidential Information, (i) a statement to that effect must be made on the record in the course of the deposition as to that portion of the deposition which counsel believes to contain Confidential Information, or (ii) counsel for the designating Party, within 14 days after the deposition transcript is delivered, must give to all counsel written notice of those portions of the deposition transcript which counsel believes to contain Confidential Information.

5.       Confidential Information shall be used solely for purposes of preparing for and presenting this case and any appeal. Confidential Information shall not be disclosed by any Party or person for any other reason. Material designated as Confidential Information may be used at a deposition if (i) the deponent agrees to be bound by this agreement by signing a copy of Exhibit A, and (ii) the Confidential Information is not left in the possession of the deponent, unless the deponent otherwise qualifies for access to the Confidential Information pursuant to this agreement.

6.    Confidential Information shall be disclosed only to the following:

(a)    The undersigned counsel and their partners, associates, legal assistants, and employees to whom disclosure is deemed reasonably necessary for the conduct of this matter.  The undersigned counsel and supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any person who is not otherwise authorized to receive it under this agreement.

(b)    Any Party and any employee, director, officer, or managing agent of any Party, but only insofar as such disclosure is deemed reasonably necessary by that Party's counsel for the conduct of this matter.

(c)    Any expert or consultant who is retained by a Party or its counsel for purposes of preparing for, presenting evidence in, or otherwise assisting in this matter, but only insofar as such disclosure is deemed reasonably necessary and provided that the attorney informs the expert or consultant that:

(i)    the information to be disclosed is Confidential Information that is to be held in confidence and used solely for the purpose of preparing for and presenting this matter;

(ii)    these restrictions are imposed by the United States District Court for the Western District of Washington;

(iii)    the expert or consultant must sign Exhibit A to this agreement affirming that he or she is bound by this agreement;

(iv)    the expert or consultant may retain documents containing Confidential Information only so long as is necessary to prepare for, provide evidence in, or otherwise assist in this matter and/or any related appeal.

(d)    The Court and its personnel.

7.    The disclosure restrictions of this agreement shall not apply to individuals who authored or previously received a document containing Confidential Information before the filing of this action; provided, however, such individuals shall be subject to the disclosure restrictions of this agreement to the extent that any part of any such documents contain Confidential Information that was not so authored or previously received by such individuals. Each Party recognizes that authors and recipients of documents designated "Confidential" for purposes of this case have knowledge of the Confidential Information and therefore disclosure to such persons cannot violate the terms of this agreement.

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 4
(C11-2043 RAJ)

8.      If a Party desires to submit Confidential Information to the Court, the Party shall seek to have the Confidential Information filed under seal following Local Civil Rule 5(g). In addition, the Party seeking to submit Confidential Information to the Court shall give the other Parties as much advance notice in writing as is reasonably practicable under the circumstances before seeking to have the Confidential Information filed under seal so the producing Party may seek to protect the information as confidential. If there is any doubt as to whether any document contains Confidential Information, the Parties will notify the producing Party in writing and the producing Party shall have a reasonable opportunity to make a showing whether such documents contain Confidential Information. In the event that any Confidential Information is used or disclosed in any hearing, at trial, or in any other manner, the information shall not lose its confidential status by reason of such use or disclosure.

9.      To the extent a Party wishes a document to be used at trial to remain confidential, that Party shall request such treatment at the pretrial conference.

10.      A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and the failure to do so shall not preclude a subsequent challenge. The failure to challenge a designation shall not constitute an admission as to the propriety of the designation. If a Party decides to challenge a designation, the Party making such challenge shall provide to the producing Party written notice of the challenge and the reasons therefor. The Parties shall first try to resolve the disputed confidential designation on an informal basis. In the event the Parties are unable to resolve the dispute, the matter shall be submitted to the Court for resolution. The burden of proving the propriety of the designation shall be on the Party (or third party) making the designation. Pending such resolution, the information in question shall be treated as Confidential Information in accordance with the provisions of this agreement.

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 5
(C11-2043 RAJ)

11.     If a Party receives a subpoena for or order to produce any Confidential Information, the receiving Party shall promptly notify, in writing, the Party (or third party) who produced the Confidential Information of the pendency of the subpoena or order.

12.     If the producing Party (or third party), through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this agreement, the producing Party (or third party) may give written notice to the receiving Party that the document or thing produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this agreement. The receiving Party must treat such documents and things as Confidential Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this agreement; provided, however, that the Party making such disclosure shall notify the producing Party in writing of all such unauthorized persons to whom such disclosure was made.

13.     The undersigned counsel and all other persons to whom Confidential Information is disclosed shall take all steps reasonably necessary to avoid loss and/or inadvertent disclosure of documents or things containing Confidential Information.

14.     All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this agreement.

15.     The restrictions set forth in the preceding paragraphs shall not apply to:

(a)     Information or material that was, that is, or that becomes public knowledge in a manner not in violation of this agreement;

(b)     Information or material that the Parties acquired from a third party having the right to disclose such information or material; or

(c)     Information or material that the Parties lawfully possessed prior to this agreement;.

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 6
(C11-2043 RAJ)

16.    Within 60 days after termination of this matter, including any appeal, the Parties shall either: (a) return all Confidential Information to the producing Party's counsel; or (b) destroy all Confidential Information and provide a certificate of destruction to the producing Party's counsel.

17.    Nothing in this agreement is intended to imply or indicate any obligation of a Party to produce any document. Nothing contained in this agreement shall be construed to require production of Confidential Information that is privileged or otherwise protected from discovery. If a producing Party, through inadvertence, produces a document or information that the Party believes is immune from discovery pursuant to the attorney-client privilege and/or the work-product privilege, such production shall not be deemed a waiver of any privilege, and the producing Party shall give written notice to the receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving Party shall immediately gather the original and all copies of the document or information of which the receiving Party is aware and shall immediately return the original and all such copies to the producing Party. The return of the document(s) and/or information to the producing Party shall not preclude the receiving Party from later moving the Court to compel production of the returned documents and/or information. Alternatively, the receiving Party may contest the producing Party's claim of privilege by filing an appropriate motion with the Court within 14 days after receiving notice of the claim of privilege from the producing Party. During the pendency of that motion, the receiving Party may retain the document or information but not use it for any purpose.

18.    Nothing in this agreement shall be deemed a waiver of any Party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information. Nothing in this agreement shall prejudice any Party from seeking amendments to

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 7
(C11-2043 RAJ)

this agreement to expand or restrict rights of access to or use of Confidential Information, or other modifications.

19.    If a Party (or a third party) believes there has been a violation of this agreement, the Party (or third party) shall provide written notice to the other Parties of the claim of violation. The Parties shall first try to resolve the claim of violation on an informal basis. In the event the Parties are unable to resolve the dispute, the matter shall be submitted to the Court for resolution.

20.    The terms of this agreement survive the final termination of this proceeding with respect to all Confidential Information that is not or does not become known to the public. The Court shall retain jurisdiction, following termination of this proceeding, to adjudicate all disputes either between or among the Parties or between a Party and a third party relating to or arising out of this agreement.

IT IS SO STIPULATED as of July 19, 2012.

By: _____
Daniel P. Harris #16778
Charles P. Moure #23701
Rachel E. Buker #43005
HARRIS & MOURE, PLLC
600 Stewart Street, Suite 1200
Seattle, Washington 98101
Telephone: (206) 224-5657
Fax: (206) 224-5659
dan@harrismoure.com
charles@harrismoure.com
rachel@harrismoure.com

*Attorneys for Defendants and
Counterplaintiff*

Dated: July 19, 2012

By: _____
John F. Neupert, P.C. #39883
M. Christie Helmer #41171 (*admitted pro hac vice*)
James L. Phillips #13186
MILLER NASH LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204-3699
Telephone: (503) 224-5858 or (206) 622-8484
Fax: (503) 224-0155
john.neupert@millernash.com
chris.helmer@millernash.com
james.phillips@millernash.com

*Attorneys for Plaintiffs and Counterdefendants
The Institute of Cetacean Research and Kyodo
Senpaku Kaisha, Ltd.*

Dated: July ___, 2012

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 8
(C11-2043 RAJ)

CALFO HARRIGAN LEYH & EAKES LLP

By _____

Timothy G. Leyh, WSBA #14853
Charles Jordan, WSBA #19206
Michelle Buhler, WSBA #16235
999 Third Avenue, Suite 4400
Seattle, WA 98104
(206) 623-1700

Attorneys for Appellee Paul Watson

Dated: March 21, 2013


YARMUTH ~~WILSDEN~~ **WILSDON, PLLC**

By _____

Kristina Silja Bennard **#37291**
818 Stewart St, Ste 1400
Seattle, WA 98101
206.516.3831
206.516.3888 **(fax)**

Attorneys for _Peter Rieman, a Party for purposes of the Protective Order_

Dated: March **21**, 2013


AGREEMENT AND STIPULATED PROTECTIVE ORDER – 9
(C11-2043 RAJ)

CALFO HARRIGAN LEYH & EAKES LLP

By _____
        Timothy G. Leyh, WSBA #14853
        Charles Jordan, WSBA #19206
        Michelle Buhler, WSBA #16235
        999 Third Avenue, Suite 4400
        Seattle, WA 98104
        (206) 623-1700

        Attorneys for Appellee Paul Watson

Dated: March 21, 2013


YARMUTH WILSDON, PLLC


By _____
        Kristina Silja Bennard #37291
        818 Stewart St, Ste 1400
        Seattle, WA 98101
        206.516.3831
        206.516.3888

Attorneys for Peter Rieman, a Party for purposes of the Protective Order

Dated: March 21, 2013


PERKINS COIE LLP

By _____
        David F. Taylor, WSBA #25689
        Kathleen M. O'Sullivan, WSBA #27850
        1201 Third Avenue, Ste. 4900
        Seattle, WA 98101
        Phone: 206.359.8000
        Fax: 206.359.9000

Attorneys for Marnie Gaede, Lani Blazier, Ben Zuckerman, Robert Wintner, Bob Talbot, Parties for purposes of the Protective Order

Dated: April 11, 2013


AGREEMENT AND STIPULATED PROTECTIVE ORDER – 9
(C11-2043 RAJ)

LANE POWELL PC

By _____
Claire Loebs Davis, WSBA #39812
Katie Smith Matison, WSBA #20737
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101
Phone: 206.223.7000
Fax: 206.223.7107

Attorneys for Susan Hartland, Party for purpose of the Protective Order

Dated: April 15, 2013

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual, | No. C11-2043 RAJ |

Plaintiffs,

v.

SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation, and PAUL WATSON, an individual,

Defendants.

SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,

Counterplaintiff,

v.

THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; and HIROYUKI KOMURA, an individual,

Counterdefendants.

**CONFIDENTIALITY AGREEMENT**

I, _____, have read and understand the

Agreement and Stipulated Protective Order dated July ____, 2012, in the referenced civil action,

and I agree to be bound by its terms and conditions.

CONFIDENTIALITY AGREEMENT - 1
(C11-2043 RAJ)

I reside at _____ (*street, city,*

*state, zip code*).  I am employed with _____, which

is located at _____ (*street, city,*

*state, telephone*), in the position of _____ (*title*).

I am one of the persons described in Paragraph 6(c) of the Agreement and Stipulated

Protective Order.  Before any Confidential Information is disclosed to me, I am knowingly and

voluntarily executing this Confidentiality Agreement to satisfy the conditions set forth therein.

I expressly agree to be bound by the terms of the Agreement and Stipulated Protective

Order and agree that all Confidential Information disclosed to me will be maintained in strict

confidence.  I shall neither disclose nor use Confidential Information except in accordance with

the terms of the Agreement and Stipulated Protective Order.

I shall neither use nor refer to Confidential Information or copies thereof other than in

connection with the referenced action and as provided in the Agreement and Stipulated

Protective Order.

Upon being notified of the termination of the referenced action, I shall return all copies of

Confidential Information to counsel.  I shall also destroy any notes and memoranda or other

work papers containing Confidential Information.

**DATE** _____    **BY**_____

**CONFIDENTIALITY AGREEMENT - 2**
**(C11-2043 RAJ)**

1

2     The Honorable Richard A. Jones

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                            AT SEATTLE

10   THE INSTITUTE OF CETACEAN
     RESEARCH, a Japanese research
11   foundation; KYODO SENPAKU                No. C11-2043 RAJ
     KAISHA, LTD., a Japanese corporation;
12   TOMOYUKI OGAWA, an individual; and       AGREEMENT AND STIPULATED
     TOSHIYUKI MIURA, an individual,          PROTECTIVE ORDER
13
                    Plaintiffs,
14
             v.
15
     SEA SHEPHERD CONSERVATION
16   SOCIETY, an Oregon nonprofit
     corporation, and PAUL WATSON, an
17   individual,

18                  Defendants.
     ————————————————————————
19   SEA SHEPHERD CONSERVATION
     SOCIETY, an Oregon nonprofit
20   corporation,

21                  Counterplaintiff,
             v.
22
     THE INSTITUTE OF CETACEAN
23   RESEARCH, a Japanese research
     foundation; KYODO SENPAKU
24   KAISHA, LTD., a Japanese corporation;
     and HIROYUKI KOMURA, an individual,
25
                    Counterdefendants.
26

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 1
(C11-2043 RAJ)

PDXDOCS:1972739.3

1       WHEREAS, in this matter, the parties have sought, and will continue to seek, documents

2    and other discovery from each other and from third parties;

3       WHEREAS, the Court has published on its web page statements encouraging the parties

4    to enter into agreements protecting confidential information but further stating that the Court will

5    not enter such agreements as an order of the Court but will enforce such agreements;

6       WHEREAS, the parties agree that the Court may enforce this agreement as though it

7    were entered as a protective order by the Court; and

8       WHEREAS, the parties have agreed to protect the confidentiality of documents and

9    discovery produced by the parties and third parties as set forth below in reliance on the Court's

10   willingness to enforce the parties' agreement;

11      THEREFORE, effective as of the date set forth below the parties agree as follows:

12      1.    The parties and their counsel (each a "Party" and, collectively, the "Parties")

13   hereby agree that (a) good cause exists to enforce this agreement by way of an Order, should

14   enforcement become necessary; (b) specific prejudice or harm will result to the Parties or third

15   parties if this agreement is not enforced by the Court; and (c) the requirements necessary to

16   enforce this agreement by the Court, should enforcement become necessary, have been met and

17   are specified herein.

18      2.    All documents, testimony, and other materials produced in this case by a Party or

19   by a non-party subject to discovery will be used only for purposes of this case and any appeal

20   and for no other purpose.

21      3.    As used herein, "Confidential Information" means any documents, things,

22   testimony, or other disclosures by any Party to another Party (or disclosed by a third party to a

23   Party through discovery issued in this action) that is considered to be confidential or to embody

24   confidential, proprietary, or trade secret information, including but not limited to:

25   (a) confidential business information; (b) internal business reports and communications;

26   (c) employee records and files; (d) financial information and business data; (e) internal plans and

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 2
(C11-2043 RAJ)

1    proposals; (f) personal financial information; (g) personal information; and (h) information that

2    may be subject to claims of media privileges.  In this case, the "good cause" for keeping these

3    documents confidential includes:  (a) maintaining the secrecy of each Party's confidential

4    information; (b) maintaining the confidentiality of personal and financial information and

5    records; and (c) respecting claims of media privilege.  Each Party (or non-party) would suffer

6    specific prejudice or harm if this information were made public.

7          4.     The Parties, and third parties subpoenaed by one of the Parties, may designate as

8    Confidential Information any documents, testimony, or other materials produced in this case if

9    they contain information that the producing party has a good-faith basis for asserting is

10    confidential under applicable legal standards.  All documents, things, or testimony designated

11    Confidential Information pursuant to this agreement will have "Confidential" stamped or printed

12    thereon.  In order to designate a portion of a deposition transcript as Confidential Information,

13    (i) a statement to that effect must be made on the record in the course of the deposition as to that

14    portion of the deposition which counsel believes to contain Confidential Information, or

15    (ii) counsel for the designating Party, within 14 days after the deposition transcript is delivered,

16    must give to all counsel written notice of those portions of the deposition transcript which

17    counsel believes to contain Confidential Information.

18          5.     Confidential Information shall be used solely for purposes of preparing for and

19    presenting this case and any appeal.  Confidential Information shall not be disclosed by any Party

20    or person for any other reason.  Material designated as Confidential Information may be used at a

21    deposition if (i) the deponent agrees to be bound by this agreement by signing a copy of

22    Exhibit A, and (ii) the Confidential Information is not left in the possession of the deponent,

23    unless the deponent otherwise qualifies for access to the Confidential Information pursuant to

24    this agreement.

25

26

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 3
(C11-2043 RAJ)

PDXDOCS:1972739.3

6.    Confidential Information shall be disclosed only to the following:

(a)    The undersigned counsel and their partners, associates, legal assistants, and employees to whom disclosure is deemed reasonably necessary for the conduct of this matter. The undersigned counsel and supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any person who is not otherwise authorized to receive it under this agreement.

(b)    Any Party and any insurer, employee, director, officer, or managing agent of any Party, but only insofar as such disclosure is deemed reasonably necessary by that Party's counsel for the conduct of this matter.

(c)    Any expert or consultant who is retained by a Party or its counsel for purposes of preparing for, presenting evidence in, or otherwise assisting in this matter, but only insofar as such disclosure is deemed reasonably necessary and provided that the attorney informs the expert or consultant that:

(i)    the information to be disclosed is Confidential Information that is to be held in confidence and used solely for the purpose of preparing for and presenting this matter;

(ii)    these restrictions are imposed by the United States District Court for the Western District of Washington;

(iii)    the expert or consultant must sign Exhibit A to this agreement affirming that he or she is bound by this agreement;

(iv)    the expert or consultant may retain documents containing Confidential Information only so long as is necessary to prepare for, provide evidence in, or otherwise assist in this matter and/or any related appeal.

(d)    The Court and its personnel.

7.    The disclosure restrictions of this agreement shall not apply to individuals who authored or previously received a document containing Confidential Information before the filing of this action; provided, however, such individuals shall be subject to the disclosure restrictions of this agreement to the extent that any part of any such documents contain Confidential Information that was not so authored or previously received by such individuals. Each Party recognizes that authors and recipients of documents designated "Confidential" for purposes of this case have knowledge of the Confidential Information and therefore disclosure to such persons cannot violate the terms of this agreement.

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 4
(C11-2043 RAJ)

PDXDOCS:1972739.3

8.      If a Party desires to submit Confidential Information to the Court, the Party shall seek to have the Confidential Information filed under seal following Local Civil Rule 5(g).  In addition, the Party seeking to submit Confidential Information to the Court shall give the other Parties as much advance notice in writing as is reasonably practicable under the circumstances before seeking to have the Confidential Information filed under seal so the producing Party may seek to protect the information as confidential.  If there is any doubt as to whether any document contains Confidential Information, the Parties will notify the producing Party in writing and the producing Party shall have a reasonable opportunity to make a showing whether such documents contain Confidential Information.  In the event that any Confidential Information is used or disclosed in any hearing, at trial, or in any other manner, the information shall not lose its confidential status by reason of such use or disclosure.

9.      To the extent a Party wishes a document to be used at trial to remain confidential, that Party shall request such treatment at the pretrial conference.

10.     A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and the failure to do so shall not preclude a subsequent challenge.  The failure to challenge a designation shall not constitute an admission as to the propriety of the designation.  If a Party decides to challenge a designation, the Party making such challenge shall provide to the producing Party written notice of the challenge and the reasons therefor.  The Parties shall first try to resolve the disputed confidential designation on an informal basis.  In the event the Parties are unable to resolve the dispute, the matter shall be submitted to the Court for resolution.  The burden of proving the propriety of the designation shall be on the Party (or third party) making the designation.  Pending such resolution, the information in question shall be treated as Confidential Information in accordance with the provisions of this agreement.

1        11.    If a Party receives a subpoena for or order to produce any Confidential

2    Information, the receiving Party shall promptly notify, in writing, the Party (or third party) who

3    produced the Confidential Information of the pendency of the subpoena or order.

4        12.    If the producing Party (or third party), through inadvertence, produces any

5    Confidential Information without labeling or marking or otherwise designating it as such in

6    accordance with the provisions of this agreement, the producing Party (or third party) may give

7    written notice to the receiving Party that the document or thing produced is deemed Confidential

8    Information and should be treated as such in accordance with the provisions of this agreement.

9    The receiving Party must treat such documents and things as Confidential Information from the

10   date such notice is received.  Disclosure, prior to the receipt of such notice, of such Confidential

11   Information to persons not authorized to receive Confidential Information shall not be deemed a

12   violation of this agreement; provided, however, that the Party making such disclosure shall

13   notify the producing Party in writing of all such unauthorized persons to whom such disclosure

14   was made.

15       13.    The undersigned counsel and all other persons to whom Confidential Information

16   is disclosed shall take all steps reasonably necessary to avoid loss and/or inadvertent disclosure

17   of documents or things containing Confidential Information.

18       14.    All persons and entities to whom Confidential Information is disclosed shall be

19   bound by the terms of this agreement.

20       15.    The restrictions set forth in the preceding paragraphs shall not apply to:

21           (a)    Information or material that was, that is, or that becomes public

22   knowledge in a manner not in violation of this agreement;

23           (b)    Information or material that the Parties acquired from a third party having

the right to disclose such information or material; or

24           (c)    Information or material that the Parties lawfully possessed prior to this

25   agreement;.

26

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 6
(C11-2043 RAJ)

PDXDOCS:1972739.3

16.     Within 60 days after termination of this matter, including any appeal, the Parties shall either:  (a) return all Confidential Information to the producing Party's counsel; or (b) destroy all Confidential Information and provide a certificate of destruction to the producing Party's counsel.

17.     Nothing in this agreement is intended to imply or indicate any obligation of a Party to produce any document.  Nothing contained in this agreement shall be construed to require production of Confidential Information that is privileged or otherwise protected from discovery.  If a producing Party, through inadvertence, produces a document or information that the Party believes is immune from discovery pursuant to the attorney-client privilege and/or the work-product privilege, such production shall not be deemed a waiver of any privilege, and the producing Party shall give written notice to the receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving Party shall immediately gather the original and all copies of the document or information of which the receiving Party is aware and shall immediately return the original and all such copies to the producing Party.  The return of the document(s) and/or information to the producing Party shall not preclude the receiving Party from later moving the Court to compel production of the returned documents and/or information. Alternatively, the receiving Party may contest the producing Party's claim of privilege by filing an appropriate motion with the Court within 14 days after receiving notice of the claim of privilege from the producing Party.  During the pendency of that motion, the receiving Party may retain the document or information but not use it for any purpose.

18.     Nothing in this agreement shall be deemed a waiver of any Party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.  Nothing in this agreement shall prejudice any Party from seeking amendments to this agreement to expand or restrict rights of access to or use of Confidential Information, or other modifications.

AGREEMENT AND STIPULATED PROTECTIVE ORDER - 7
(C11-2043 RAJ)

PDXDOCS:1972739.3

1   19. If a Party (or a third party) believes there has been a violation of this agreement,

2 the Party (or third party) shall provide written notice to the other Parties of the claim of violation.

3 The Parties shall first try to resolve the claim of violation on an informal basis.  In the event the

4 Parties are unable to resolve the dispute, the matter shall be submitted to the Court for resolution.

5   20. The terms of this agreement survive the final termination of this proceeding with

6 respect to all Confidential Information that is not or does not become known to the public.  The

7 Court shall retain jurisdiction, following termination of this proceeding, to adjudicate all disputes

8 either between or among the Parties or between a Party and a third party relating to or arising out

9 of this agreement.

10   IT IS SO STIPULATED as of July 24, 2012.

11

12 By: _____  By: _____

13 Daniel P. Harris       John F. Neupert, P.C. #39883
  Charles P. Moure       M. Christie Helmer #41171 (*admitted pro hac vice*)

14 Rachel E. Buker       James L. Phillips #13186
  HARRIS & MOURE, PLLC    MILLER NASH LLP

15 600 Stewart Street, Suite 1200  111 S.W. Fifth Avenue, Suite 3400
  Seattle, Washington  98101   Portland, Oregon  97204-3699

16 Telephone: (206) 224-5657   Telephone: (503) 224-5858 or (206) 622-8484
  Fax: (206) 224-5659     Fax: (503) 224-0155

17 dan@harrismoure.com    john.neupert@millernash.com
  charles@harrismoure.com   chris.helmer@millernash.com

18 rachel@harrismoure.com   james.phillips@millernash.com

19 *Attorneys for Defendants and*   *Attorneys for Plaintiffs and Counterdefendants*
  *Counterplaintiff*      *The Institute of Cetacean Research and Kyodo*

20              *Senpaku Kaisha, Ltd.*

21 Dated: July 23, 2012     Dated:  July 24, 2012

22

23

24

25

26

1

2

## <u>EXHIBIT A</u>

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6  THE INSTITUTE OF CETACEAN
RESEARCH, a Japanese research

7  foundation; KYODO SENPAKU
KAISHA, LTD., a Japanese corporation;

8  TOMOYUKI OGAWA, an individual; and
TOSHIYUKI MIURA, an individual,

No. C11-2043 RAJ

9                        Plaintiffs,

                   v.

10

11  SEA SHEPHERD CONSERVATION
SOCIETY, an Oregon nonprofit

12  corporation, and PAUL WATSON, an
individual,

13                        Defendants.

14  SEA SHEPHERD CONSERVATION

15  SOCIETY, an Oregon nonprofit
corporation,

16

                        Counterplaintiff,

17                   v.

18  THE INSTITUTE OF CETACEAN
RESEARCH, a Japanese research

19  foundation; KYODO SENPAKU
KAISHA, LTD., a Japanese corporation;

20  and HIROYUKI KOMURA, an individual,

21                        Counterdefendants.

22

23

24  ## <u>CONFIDENTIALITY AGREEMENT</u>

25      I, _____, have read and understand the

26  Agreement and Stipulated Protective Order dated July _____, 2012, in the referenced civil action,

and I agree to be bound by its terms and conditions.

CONFIDENTIALITY AGREEMENT - 1
(C11-2043 RAJ)

PDXDOCS:1972739.3

1

2      I reside at _____ (*street, city,*

3   *state, zip code*). I am employed with _____, which

4   is located at _____ (*street, city,*

5   *state, telephone*), in the position of _____ (*title*).

6          I am one of the persons described in Paragraph 6(c) of the Agreement and Stipulated

7   Protective Order. Before any Confidential Information is disclosed to me, I am knowingly and

8   voluntarily executing this Confidentiality Agreement to satisfy the conditions set forth therein.

9          I expressly agree to be bound by the terms of the Agreement and Stipulated Protective

10  Order and agree that all Confidential Information disclosed to me will be maintained in strict

11  confidence. I shall neither disclose nor use Confidential Information except in accordance with

12  the terms of the Agreement and Stipulated Protective Order.

13         I shall neither use nor refer to Confidential Information or copies thereof other than in

14  connection with the referenced action and as provided in the Agreement and Stipulated

15  Protective Order.

16         Upon being notified of the termination of the referenced action, I shall return all copies of

17  Confidential Information to counsel. I shall also destroy any notes and memoranda or other

18  work papers containing Confidential Information.

19

20  DATE    _____    BY  _____

21

22

23

24

25

26


CONFIDENTIALITY AGREEMENT - 2
(C11-2043 RAJ)

PDXDOCS:1972739.3

9th Circuit Case Number(s):  12-35266

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2013, I served the foregoing

Plaintiffs-Appellants' Motion for Permission to File Documents Under Seal

Regarding Plaintiffs-Appellants' Motion to Compel Production of Information

Withheld on the Basis of Attorney-Client Privilege, on:

> Mr. Daniel P. Harris
> dan@harrismoure.com
> Mr. Charles P. Moure
> charles@harrismoure.com
> Ms. Aura Y. Gantz
> aura@harrismoure.com
> Ms. Rebecca Millican
> rebecca@harrismoure.com
> Harris & Moure, PLLC
> 600 Stewart Street, Suite 1200
> Seattle, Washington  98101
>> *Attorneys for Defendant-Appellee Sea Shepherd Conservation Society*

> Mr. Timothy G. Leyh
> timl@calfoharrigan.com
> Ms. Michelle Buhler
> michelleb@calfoharrigan.com
> Mr. Charles S. Jordan
> chipj@calfoharrigan.com
> Calfo Harrigan Leyh & Eakes LLP
> 999 Third Avenue, Suite 4400
> Seattle, Washington  98104
>> *Attorneys for Defendant-Appellee Paul Watson*

Mr. David F. Taylor
DFTaylor@perkinscoie.com
Ms. Kathleen M. O'Sullivan
KOSullivan@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington  98101-3099
*Attorneys for Marnie Gaede, Ben Zuckerman, Lani Blazier,*
*Robert Wintner, and Bob Talbot*

Ms. Claire Loebs Davis
davisc@lanepowell.com
Ms. Katie Matison
matisonk@lanepowell.com
Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, Washington  98101
*Attorneys for Susan Hartland*

Ms. Kristina S. Bennard
kbennard@yarmuth.com
Yarmuth Wilsdon PLLC
818 Stewart Street, Suite 1400
Seattle, Washington  98101
*Attorney for Peter Rieman*

by the following indicated method or methods on the date set forth below:

☐    **E-mail, as a courtesy only.**

☐    **First-class mail, postage prepaid.**

☐    **Hand-delivery.**

☒    **Overnight courier, delivery prepaid.**

DATED:  September 14, 2013

_____
John F. Neupert, P.C.
*Of Attorneys for Plaintiffs-Appellants*