Case No. 12-35266

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation, and PAUL WATSON, an individual,<br><br>Defendants-Appellees.<br>_____<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,<br><br>Counter-Plaintiff,<br><br>v.<br><br>THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation, KYODO SENPAKU KAISHA, LTD., a Japanese corporation; and HIROYUKI KOMURA, an individual,<br><br>Counter-defendants. | D.C. No. 2:11-cv-02043-RAJ<br><br>Western District of Washington, Seattle<br><br>**Date of Amended Opinion:**<br>May 24, 2013<br><br>**Date of Opinion on Motion for Contempt:**<br>December 19, 2014<br><br>**Panel Members:**<br>Kozinski; Tashima; M. Smith, CJJ<br><br>**Appellate Commissioner:**<br>Peter L. Shaw<br><br>DEFENDANTS' AND NON-PARTIES' STATEMENT ON SCHEDULING |

Defendants-appellees Sea Shepherd Conservation Society ("SSCS") and Paul Watson, and former SSCS directors Lani Blazier, Marnie Gaede, Bob Talbot, Robert Wintner, Ben Zuckerman and Peter Rieman (collectively, "Defendants and Non-Parties") jointly submit this Scheduling Proposal in advance of the status conference scheduled for March 12, 2015.

Following the status conference on February 10, 2015, and the order of the Appellate Commissioner on February 12, 2015 (Dkt. 378), Plaintiffs sent Defendants and Non-Parties a draft Request for an Award of Attorney Fees and Costs, Damages, and Wasted Expenses Due to Contempt ("Request") on February 20, 2015. Counsel for Plaintiffs, Defendants, and Non-Parties held a telephonic meet-and-confer on March 4, 2015, but were unable to come to agreement on a process for adjudicating Plaintiffs' Request. Defendants and Non-Parties submit this statement in order to facilitate an efficient discussion during the upcoming March 12, 2015 status conference, and to address the issues raised by the Commissioner in his February 2, 2015 Order (Dkt. 375).

### I. Framework for Adjudicating Plaintiffs' Request, Nature and Scope of Award, and Need to Develop Additional Evidence

Defendants and Non-Parties suggest that Plaintiffs should file their Request with the Appellate Commissioner, and that as the Appellate Commissioner previously recommended, the request for attorneys' fees and costs should conform

to the requirements of Ninth Circuit Rule 39-1 and Ninth Circuit Forms 9 and 10. Dkt. 314 at 76. Once this Request has been filed, Defendants and Non-Parties suggest that the Commissioner set a schedule for adjudication as outlined below.

     Plaintiffs' draft Request is a serious and substantial new claim seeking more than $4 million, and raising factual issues about which there has been no discovery. In addition to $2,031,700.47 in attorneys' fees and costs, the draft Request seeks $108,159.98 in damages for repair costs to the Nisshin Maru allegedly necessitated by acts of contempt, and $1,984,211.57 in compensation for "wasted" expenses, including charter fees and fuel for the Nisshin Maru, Yushin Maru and Yushin Maru No. 2, and extended charter and bunker fees for the Sun Laurel. The claim for damages and wasted expenses raises significant factual issues that need to be explored in discovery, including, but not limited to, the fuel consumption and charter details of Plaintiffs' fleet and charter vessels (necessary to calculate fuel expenses, bunker expenses, and charter fees); Plaintiffs' objectives and plans for operations in the Southern Ocean (necessary to determine what expenses can be deemed to be "wasted" in pursuit of Plaintiffs' "mission," Dkt. 360 at 48); the movements of Plaintiffs' ships during Operation Zero Tolerance and their responses to the actions of Sea Shepherd Australia Limited ("SSAL") (necessary to determine the cause of any damages, and the reason for any "wasted" fuel or other expenses); and the details of the alleged damages and repairs to Plaintiffs' vessels.

In addition, Defendants and Non-Parties will require discovery on aspects of Plaintiffs' Request for attorneys' fees, such as information about certain billing entries, timekeepers, and claimed expenses.

Plaintiffs dropped their claim for damages in the motion for contempt that was adjudicated by the Appellate Commissioner. *Compare* Dkt. 54 at 15 *with* Dkt. 105 at 15-16. Although Defendants sought discovery related to alleged damages to Plaintiffs' ships, Plaintiffs expressly objected and refused to produce such material on the grounds that they "have removed from the Second Amended Motion a claim for damages to their ships. Therefore the subject of the request is beyond the scope of discovery." Plf. Resp. to Watson's First Set of Rogs & RFPs, Nos. 34-48 (Apr. 29, 2012). As a result, virtually no discovery was conducted related to the above issues, and the hearing on contempt conducted in October 2013 did not include any examination of claimed damages or "wasted expenses" caused by the alleged acts of contempt. In addition, the parties stipulated in advance of the hearing that actions had occurred that would violate the Ninth Circuit's injunction if they were taken by a party bound by that injunction, specifically that vessels approached Plaintiffs' vessels closer than the injunction's 500-yard perimeter. Dkt. 271.

As a result of this stipulation, and because Plaintiffs had dropped all claims for damages, the contempt hearing focused exclusively on whether Defendants and Non-Parties were responsible for the stipulated actions. Plaintiffs' Request raises

*new* issues as to whether "Sea Shepherd" vessels took specific actions that caused specific damages to Plaintiffs' fleet, and caused them "wasted" expenses in pursuit of their "mission." Dkt. 360 at 48. Plaintiffs seek nearly $2 million in connection with these new claims.

The adjudication of Plaintiffs' new claims will thus require additional discovery, including production of documents, responses to interrogatories and requests for admission, and deposition testimony. Evaluation of Plaintiffs' claims for damages and wasted expenses may also require the involvement of experts, necessitating additional time for expert discovery. Accordingly, Defendants and Non-Parties recommend that the Commissioner allow at least nine months for discovery, including depositions and potential expert discovery. Defendants and Non-Parties therefore propose a discovery cutoff of December 15, 2015. Following discovery, Defendants and Non-Parties expect that time will be required for briefing to the Appellate Commissioner, as well as for potential mediation, and therefore propose that the hearing on Plaintiffs' Request be set for no sooner than April 2016.

Plaintiffs are concurrently proceeding with their claim for a permanent injunction in district court. Defendants expect that much of the same discovery required by this action will also be necessary in the district court proceedings in order to resolve Plaintiffs' claims and the amended counterclaims that Defendants

will file before that court. The parties may therefore may be able to achieve some efficiencies by coordinating the discovery in the two actions.

## II. Determination of Whether the Volunteer Directors Should Be Personally Liable

In the parties' meet-and-confer, Plaintiffs took the position that all of the Defendants and Non-Parties have joint and several liability for the full amount of the claimed fees, costs, damages, and wasted expenses. While the Ninth Circuit held that Plaintiffs shall recover their fees and costs against SSCS and Watson, it expressly did not impose any personal liability on the former volunteer directors, instead directing that "the Commissioner shall determine *whether* the volunteer directors should also be held liable, and *the extent to which* each of them should be held liable, jointly and/or severally." Dkt. 360 at 48-49 (emphasis added).

Defendants and Non-Parties suggest that the question of the volunteer directors' personal liability should be bifurcated from—and occur after—the adjudication of the amount of the damages. Thus, the Commissioner would first determine the total amount of fees, costs, damages, and wasted expenses to be awarded, and then schedule briefing and a hearing to determine the questions identified by the Panel, namely whether the volunteer directors should be liable, and if so, to what extent. Defendants and Non-Parties believe it is more efficient to consider questions of volunteer director liability in this order because resolution of those questions may ultimately be rendered unnecessary, either due to settlement

of the claims against the former volunteer directors, or because SSCS may ultimately pay the full amount awarded, rendering the question of volunteer director liability moot.

## III. Possibility of Mediation

Defendants and Non-Parties are open to mediation of this dispute after sufficient discovery has taken place to allow for the reasonable evaluation of Plaintiffs' claims. Counsel for the former volunteer directors would also be amenable to a mediation of the claims against them in the near future, should settlement discussions regarding the former volunteer directors prove unproductive. Defendants and Non-Parties believe that the inclusion of the former volunteer directors in these proceedings is unnecessary, and that reaching an agreement to settle the claims against them early on would result in a more efficient, streamlined, and reasonable process.

## IV. Conclusion

Plaintiffs are asserting broad new claims that implicate substantial factual issues that have never been considered by any court or by the Appellate Commissioner. Although Defendants and Non-Parties share the Appellate Commissioner's desire to keep this inquiry within reasonable bounds (especially since Plaintiffs have expressed their intention to seek additional fees incurred in this proceeding), Defendants and Non-Parties cannot be asked to respond to new

claims of that level of magnitude without adequate due process, including ample time to seek discovery regarding the new issues raised. Defendants and Non-Parties thus respectfully suggest that the Commissioner set a discovery cutoff of December 15, 2015, and a hearing to take place no sooner than April 2016.

DATED March 10, 2015.

**LANE POWELL PC**

By: *s/Claire Loebs Davis*
Claire Loebs Davis
davisc@lanepowell.com
Kristin Beneski
beneskik@lanepowell.com
Douglas W. Greene
greened@lanepowell.com
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101-2338
*Attorneys for Defendant-Appellee Sea Shepherd Conservation Society*

**CALFO HARRIGAN LEYH & EAKES, LLP**

By: *s/Timothy G. Leyh*
Timothy G. Leyh
timl@calfoharrigan.com
Michelle Buhler
michelleb@calfoharrigan.com
Charles S. Jordan
chipj@calfoharrigan.com
999 Third Avenue, Ste. 4400
Seattle, WA 98104
*Attorneys for Defendant-Appellee Paul Watson*

**PERKINS COIE LLP**

By: *s/David F. Taylor*
David F. Taylor
dftaylor@perkinscoie.com
Kathleen M. O'Sullivan
kosullivan@perkinscoie.com
Zachary P. Jones
zjones@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
*Attorneys for Non-Parties Lani Blazier, Marnie Gaede, Bob Talbot, Robert Wintner, and Ben Zuckerman*

**YARMUTH WILSDON PLLC**

By: *s/Kristina S. Bennard*
Kristina S. Bennard
kbennard@yarmuth.com
Julia D. Woog
jwoog@yarmuth.com
818 Stewart Street, Ste. 1400
Seattle, WA 98101
*Attorneys for Non-Party Peter Rieman*

## **CERTIFICATE OF SERVICE**

U.S Court of Appeal Docket Number 12-35266

I, Claire Loebs Davis, hereby certify that on the 10th day of March 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 10th day of March 2015.

By *s/Claire Loebs Davis*