Case No. 12-35266

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; TOMOYUKI OGAWA, an individual; and TOSHIYUKI MIURA, an individual, <br><br>　　　　Plaintiffs-Appellants,<br>　v.<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation, and PAUL WATSON, an individual,<br><br>　　　　Defendants-Appellees.<br>_____<br><br>SEA SHEPHERD CONSERVATION SOCIETY, an Oregon nonprofit corporation,<br><br>　　　　Counterplaintiff,<br>　v.<br><br>THE INSTITUTE OF CETACEAN RESEARCH, a Japanese research foundation; KYODO SENPAKU KAISHA, LTD., a Japanese corporation; and HIROYUKI KOMURA, an individual,<br><br>　　　　Counterdefendants. | D.C. No. 2:11-cv-02043-RAJ<br>Western District of Washington, Seattle<br><br>**Date of Amended Opinion:**<br>May 24, 2013<br><br>**Date of Opinion on Motion for Contempt:** December 19, 2014<br><br>**Panel Members:**<br>Kozinski; Tashima; M. Smith, CJJ<br><br>**Appellate Commissioner:**<br>Peter L. Shaw<br><br>**Status Conference Call:**<br>March 12, 2015, 3:00 p.m.<br><br>PLAINTIFFS' STATEMENT ON SCHEDULING |

- 1 -

Filed concurrently herewith is plaintiffs The Institute of Cetacean Research and Kyodo Senpaku Kaisha, Ltd.'s Request for an Award of Damages Due to Contempt with supporting documents. A substantially similar copy was furnished to counsel on February 20, 2015.

Plaintiffs recognize that some discovery may be necessary before the Commissioner may adjudicate the claims for damages. However, the schedule for adjudicating the claim for damages and the time to be allowed for discovery must be considered in light of the Court's direction that the reference shall be conducted "with the design and purpose of keeping the inquiry within reasonable bounds." Order Dkt. No. 362, at 2. As of the scheduling conference on March 12, 2015, the matter of contempt will have been pending for more than two years and has involved the expenditure by plaintiffs of over $2 million in attorney fees and costs, which continue to accrue.

Yet defendants and the former directors want nine months to conduct discovery on relatively discreet claims for damages, of which nearly one-half is attorney fees, something that is regularly determined with little or no discovery, let alone a trial. That is not a proposal that will keep this "inquiry within reasonable bounds" but will be a reprise of the last two years and $2 plus million in incurred fees and costs.

To further infuse these proceedings with unnecessary complexity, the directors suggest that their liability be bifurcated based on the speculation of "settlement" or full payment by Sea Shepherd Conservation Society ("SSCS"). It is just as reasonable to speculate that there will be no settlement absent the former directors being at risk. Moreover, whether SSCS will pay any of the several million dollars being sought is also speculative. And if SSCS does not, then presumably we convene again to determine whether the former directors are jointly and severally liable—how wasteful is that? The evidence already before the Commissioner is sufficient to determine the former directors to be jointly and severally liable because the Court (a) found the advice of counsel to be unreasonable and (b) more importantly, found the reliance to not be credible ("Under the circumstances, it is simply not credible that the volunteer directors believed they were complying with the injunction when they agreed to grant, for no consideration, millions of dollars of equipment and materials needed to carry out OZT to entities they believed would be highly likely to use those materials to violate the injunction."). Opinion, Dkt. 360, at 40. Not only was the reliance not credible, the former directors' actions were preplanned. Ex. 104B (not admitted). If anything, a finding now of joint and several liability may promote settlement; kicking the can down the road will not.

Plaintiffs proposed to counsel and propose to the Commissioner a trial the week of July 13, 2015 on unresolved damage issues (attorney fees should be resolvable without trial).  If discovery delays or other impediments occur to make that schedule unworkable, then either side could move to reschedule the trial.

DATED:  March 11, 2015            MILLER NASH GRAHAM & DUNN LLP

    s/ John F. Neupert

M. CHRISTIE HELMER
Washington State Bar No. 41171
JOHN F. NEUPERT, P.C.
Washington State Bar No. 39883
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204
Telephone:  (503) 224-5858 or (206) 624-8300

70012054.1              *Attorneys for Plaintiffs-Appellants*

9th Circuit Case Number(s): 12-35266

# CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 11, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    s/ John F. Neupert
    John F. Neupert, P.C.
    *Of Attorneys for Plaintiffs-Appellants*